IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SUSAN DOW, individually and on behalf of others similarly situated, | CV 20-31-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER GRANTING 23(b)(3) CLASS CERTIFICATION |
| SAFECO INSURANCE COMPANY OF AMERICA, A LIBERTY MUTUAL COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; and LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendants. | |

Before the Court is Plaintiff Susan Dow's Motion for Rule 23(b)(3) Class Certification. (Doc. 38). Defendants Safeco Insurance Company, Liberty Mutual Insurance Company, and Liberty Mutual Fire Insurance Company oppose certifying the class. (Doc. 41). For the following reasons, the Court grants Plaintiff's motion and the class shall be certified.

I.     **Background**

The proposed class action concerns Defendants' alleged underpayment of general contractor overhead and profit ("GCOP") on certain claims. Plaintiff has two proposed classes:

1

1. Every Montana property owner with a Safeco homeowners insurance policy (a) who suffered a covered structural residential loss from February 6, 2012 to the date the class is certified, (b) where Safeco accepted liability and paid GCOP on some portions of the structural loss, but (c) where Safeco did not pay GCOP on all portions of the structural loss.

2. Every member of Class 1 from Feb. 2, 2018, to the date the class is certified (owing to the two-year statute of limitations on UTPA actions).

(Doc. 39 at 8).

Plaintiff contends that Safeco systematically excluded certain line items from receiving a GCOP surcharge and therefore systematically underpaid claims. (Doc. 39 at 12). GCOP represents the "expenses incurred by a General Contractor that cannot be attributed to individual projects, and includes any and all expenses necessary for the General Contractor to operate their business" plus profit. *Id.* at 10 (citing to Doc. 39-1 at 6). When an insurer determines that a general contractor is likely to be required, it includes GCOP as a "component of the initial loss estimate" and, because it is included with the initial actual cash value payment, it is owed to an insured even before repairs begin, according to Dow. *Id.* at 10. Dow's central contention is that, although Safeco generally handles GCOP appropriately, it does not include the surcharge on roof-related line items and this failure to pay

2

represents an implicit underpayment of replacement cost value. *Id.* at 12-13. Safeco responds that it paid Dow, and other claimants in the proposed class, the amount actually and necessarily incurred and invoiced as per the policy language. (Doc. 41 at 10-11).

## II.   Analysis

For certification to be appropriate, Plaintiff must meet the four Federal Rules of Civil Procedure 23(a) elements as well as 23(b)(3). If all five requirements are met, certification is appropriate. If any are not met, the Court must conclude that a class action is not maintainable. 7AA Fed. Prac. & Proc. §1785 (3d ed). The Court has broad discretion in determining whether certification is appropriate, but it must engage in a rigorous analysis. *Id.* An evaluation of whether the class is likely to succeed on the merits is inappropriate, but the Court must analyze the facts only to the extent necessary to answer the 23(a) and (b) factors. *See Olean Wholesale Grocery Corp. v. Bumble Bee Foods LLC*, 993 F.3d ___, 2021 U.S. App. LEXIS 9880 at *15-16 (9th Cir. 2021).

*1. Fed. Rule Civ. P. 23(a) Factors*

Rule 23(a) states:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
    (1) the class is so numerous that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;
    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

3

(4) the representative parties will fairly and adequately protect the interests of the class.

To justify a departure from the usual rule that litigation is conducted by and on behalf of individual named parties only, a class representative must be part of the class and possess the same interest and suffer the same injury as the other class members. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) (internal citations omitted). Before certifying a class, a trial court must conduct a rigorous analysis to determine whether the party seeking certification has met theses prerequisites. *Zinser v. Accufix Research Inst. Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Mindful of this standard, the Court will address each element in order.

A. Numerosity

The class must be so numerous that joinder of all parties is impractical. 7AA Fed. Prac. & Proc. § 1762. There is no bright line delineating when a class becomes so numerous that joinder is impractical. *Id.* This determination is largely discretionary for the district court. *Id.*

Plaintiff argues that the proposed class includes more than 100 members and possibly nearly 1,000. In discovery, Safeco admitted to paying GCOP on some but not all portions of covered losses in "hundreds" of cases. (Doc. 39 at 19). For a class that includes well over 100 members (and potentially many times more), joinder of all parties is plainly impractical, and the Court finds that the proposed classes meet the numerosity requirement.

4

B. Commonality

There must be common questions of law or fact binding the class together; it is not required that all questions of law or fact raised by the dispute be common. 7AA Fed. Prac. & Proc. § 1763. Generally, courts have broadly construed this requirement. The Supreme Court requires that the common contention among class members must also require a potential common class-wide resolution. *Wal-Mart Stores*, 564 U.S. at 350 (2011). The court must determine whether dissimilarities between the claims impedes common resolution. *Id.* Where proof of liability can be made on a common basis, the commonality requirement is satisfied. *Wolin v. Jaguar*, 617 F.3d 1168 (9th Cir. 2010).

Plaintiff asserts that commonality is satisfied because the question raised by Dow, namely whether Safeco may deduct GCOP on roof-related losses, is common to the class as a whole and the answer to that question essentially resolves the suit. (Doc. 39 at 20-21).

Defendants claim that Plaintiff has not proven there is a common question susceptible to determination by class-wide evidence whose answer will resolve the litigation because whether GCOP is owed turns on individual proof and the unique facts presented by each claim. (Doc. 41 at 26). Defendants claim that Dow "has no generalized class-wide proof of when GCOP may be owed to establish a prima facie case of liability." (Doc. 41 at 27).

For the purposes of the commonality requirement, "even a single common question will do." *Wal-Mart Stores*, 564 U.S. at 359 (internal citations omitted). To the extent dissimilarities should be considered, it is to determine whether there is a common core linking seemingly disparate claims. *Id.* Here, Defendants' argument fails because the common class-wide contention is once Safeco determines that the repairs on a covered loss are likely to require the services of a general contractor, Safeco must pay GCOP on the entire structural loss, and it cannot omit GCOP on roof-related line items. Essentially Defendants attempt to cut to the merits of the claim prematurely. The Court finds that the common question sufficiently binds the class and the dissimilarities (precisely excised from the class question) do not impede common resolution. Defendants are free to marshal evidence showing that the policy does not require GCOP payments on every line item when it is paid on some and that whether GCOP is owed is calculated based on individualized facts in order to resolve the class questions in its favor, but that does not preclude a finding of commonality.

C. <u>Typicality</u>

A class action may only be maintained if the claims or defenses of the represented parties are typical of the claims or defenses of the class. This means their claims must be typical, but they need not be identical. 7AA Fed. Prac. & Proc. § 1764. Courts have found typicality where the claims or defenses stem from

6

a single event or course of conduct. *Id.*; *see also Wolin v. Jaguar*, 617 F.3d 1168 (9th Cir. 2010).

Plaintiff contends that typicality is met because Safeco handled Dow's claim the same way as the other proposed class members based on Safeco's express written policies. Therefore, Plaintiff's claims are typical of the class and she does not have interests adverse to the class.

Defendants respond that Plaintiff is not a typical representative because she has been paid all amounts due for her completed repairs and cannot therefore show injury or damages. (Doc. 41 at 22). They argue that Dow has a markedly different legal and factual position than the other members due to the actual payment of her claim and subsequent repairs. (Doc. 41 at 23). Defendants also assert that typicality is not met because even if Dow could establish that she is entitled to GCOP, this would not establish GCOP is required for other customers because GCOP is an individualized question. (Doc. 41 at 24).

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin*, 617 F.3d at 1175 (citing *Hanon v. Dataproducts Corp.*, 96 F.2d 497, 508 (9th Cir. 1992). Potential differences in the factual circumstances giving rise to Dow's damages or the extent of her damages do not preclude a

7

finding that typicality is satisfied, so long as the named plaintiff, Dow, possesses the same interest and suffered the same injury as the class. *See Wolin*, 617 F.3d at 1175. Here the alleged injury is underpayment of GCOP at the cash value stage and that claim is identical to the other proposed class members' claims. Therefore, Dow's claim is typical of the class. Defendants' argument that Dow cannot represent the class because her contractor would capture any awarded money does not defeat typicality. *See id.* ("Typicality can be satisfied despite different factual circumstances surrounding the manifestation of the defect . . . The fact that [plaintiffs] already received discounts and some free services also does not defeat typicality.")

   D. Fairness and Adequacy

   The class representative must convince the Court that the representative will adequately protect the interests of all class members. If there are multiple intervenors vying to represent the class, the court should examine the relative qualities of those representatives; this issue should be determined as early as practicable. 7AA Fed. Prac. & Proc. § 1765. Plaintiffs must demonstrate that the absent class members' interests will be protected, but they need not show that all (or even a majority) of the class members consider the representation adequate. *Id.* The court should look at the extent of the representatives' interest in the litigation,

8

their resources to pursue the litigation, and any antagonistic or conflicting interests. *Id.*

Plaintiff claims that she will fairly and adequately protect the interest of the class because she and her counsel do not have any interests that potentially conflict with any member of the class and that she understands and appreciates the class claims and her responsibility to consider the interests of the class equally with her own. (Doc. 39 at 22). Defendants claim that Plaintiff cannot adequately represent a class of insureds who are allegedly owed more payments because she is not owed more payments and any additional payments would immediately go to her general contractor. (Doc. 41 at 23).

The Court finds that Dow meets this requirement and will fairly and adequately address and represent the interests of the class. Dow's counsel filed a declaration affirming their understanding of the requirements and duties of a class representative. (Doc. 39-5 at 2-3). Dow's interests, as explained above, coincide and do not conflict with the objectives of the proposed class and the common class question. This satisfies the adequacy requirement.

## 2. *Fed. R. Civ. P. 23(b)(3) Factors*

A class action may be maintained if the Court finds that shared questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available

9

methods of fairly and efficiently adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).

A. Predominance

In order to effectively make a Rule 23(b)(3) inquiry, it is necessary for the district court to consider what will have to be proved at trial and whether those matters can be presented by common proof or whether individual proof will be required.  7AA Fed. Prac. & Proc. § 1785 (3d ed.) (*see* FN32).  The Court must find by a preponderance of the evidence that the plaintiff has established predominance.  *Olean Wholesale* at *16.  This includes a finding that "substantially all" of the class members are impacted by the common questions of fact; the uninjured class members must be *de minimus* (no set number, but likely around 6%—certainly less than 25%).  7AA Fed. Prac. & Proc. § 1785 (3d ed.).

Plaintiff argues that predominance is satisfied because the same evidence will suffice for each member to demonstrate breach of contract and that this liability question is the only question this case presents.  (Doc. 39 at 24). According to Plaintiff, because Dow seeks to certify a class where Safeco already agreed that GCOP was reasonably likely, there is no issue that the individualized questions (whether GCOP was necessary in the first place) will predominate. (Doc. 39 at 25).  Plaintiff asserts that a jury will only need to consider the general

10

facts; specific individualized questions fall outside the scope of the proposed class. (Doc. 39 at 26).

Defendants respond that individualized issues predominate because Safeco's obligation is to pay repair costs actually and necessarily incurred and that Plaintiff's "pay on some, pay on all" theory is incorrectly applied to this case. (Doc. 41 at 28). They argue that because Safeco can present evidence such as invoices and amounts allegedly owed, each claim turns on individual proof. (Doc. 41 at 29). Safeco additionally asserts that its defenses to each class members' claims depend on individual facts such as the appraisal clause in its contracts (whether appraisal was invoked, whether it was timely invoked, and the outcome of the appraisal), therefore rendering class treatment inappropriate. (Doc. 41 at 32).

Plaintiff replies that in the GCOP cases defendants cite, where class certification was denied, there was not an objective measure of when GCOP was owed and theses cases can be distinguished from this instance. Essentially, Dow defines the class in such a way as to sidestep Defendants' argument; the threshold for the proposed class is where Safeco paid GCOP on part, but not all, of the claim. (Doc. 42 at 10).

The Court agrees with Plaintiff on the issue of predominance. The proposed classes, by definition, only include proposed members who are impacted by the

11

common question of fact—whether they are owed GCOP on all repairs when they were paid GCOP on some. As in the commonality section above, Defendants once again attempt to import defenses on the merits as arguments against class certification. While Safeco may be able to demonstrate whether GCOP is owed as a matter of course, that argument is inappropriate regarding the predominance inquiry. The Court may look to facts to determine predominance—and it has—but to delve into the merits of the class questions would be to leapfrog the certification analysis under *Wolin* and Rule 23(b)(3).

At trial, Plaintiff will have to prove that GCOP is owed on all portions of a covered loss, not just some. Defendants' arguments against certification on this element stress that GCOP is an issue of individualized proof, but that contention actually proves the existence of a predominant common factual question—namely whether GCOP is owed on all line items regardless of those individualized issues. Plaintiff has demonstrated that predominance under Rule 23(b)(3) is satisfied.

B. Superiority

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." 7AA Fed. Prac. & Proc. § 1779. Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification. *See Zinser*, 253 F.3d at 1189; *Hanlon*, 150 F.3d at 1023.

12

Rule 23(b)(3)'s superiority test requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair. This analysis is related to the commonality test. Underlying both tests is a concern for judicial economy. *Wolin*, 617 F.3d at 1175–76. Generally, the factors relevant to assessing superiority include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Plaintiff claims that a class action is superior because of the relatively small (~$5,000) individual amounts at issue in this case and a class action is the most effective way to hold Safeco accountable and divide the large litigation costs to make it worth a plaintiff's while. (Doc. 39 at 26-27). Additionally, a class action would prevent inconsistent outcomes and potentially prevent dozens or hundreds of similar successive suits. (Doc. 39 at 27).

It does not appear that any other litigation by these class members has begun. Because of the class definition including only the issue of GCOP payment, there is little to no interest in a class member individually controlling the prosecution or defense of separate actions. It is highly desirable to the Court to

13

concentrate these actions, given the size of the potential class, rather than preside over hundreds of overlapping lawsuits regarding coverage and payment. This would undermine judicial efficiency by duplicating discovery and costs, as well as erode the relatively small individual claim amounts at issue here. The Court finds that a class action will be the most efficient and fair way to resolve the questions at issue. Plaintiff has met the Rule 23(b)(3) factors.

3. *Fed. R. Civ. P. 23(g) Factors*

Rule 23(g) requires that the Court appoint class counsel. In doing so, the Court must consider the work counsel has done in identifying and investigating potential claims in the action, counsel's experience in handling class actions and complex litigation, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Plaintiff's counsel asserts that it should be appointed class counsel because they are experienced in GCOP litigation, class actions, and other forms of complex litigation. (Doc. 39 at 29 and 39-1). They also assert that they have the resources to litigate the case to its conclusion. (Doc. 39 at 31 and 39-1). The Court finds that Plaintiff's counsel meets these requirements and shall be appointed class counsel.

**III.    Conclusion**

14

Plaintiff has satisfied the Rule 23(a) and 23(b)(3) criteria and therefore class

certification is appropriate.  Accordingly, it is hereby ordered that:

1.  The Plaintiff's motion to certify the class (Doc. 38) is GRANTED;

2.  Counsel for the Plaintiff and Safeco are ordered to prepare a proposed class

    certification order for the Court's review within two weeks of the date of this

    order.

DATED this 28th day of May 2021.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge