IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SUSAN DOW,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | CV 20-31-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Safeco Insurance Company of America's Motion for Summary Judgment. (Doc. 60). Safeco asserts that summary judgment is appropriate because Susan Dow, the named and representative plaintiff, cannot establish any breach of her insurance policy contract, has suffered no injury nor incurred damages, and cannot establish any violation of the Montana Unfair Trade Practices Act ("MUTPA"). (Doc. 60 at 1-2). Dow, in response, asserts that Safeco breached the contract and injured her by failing to include industry-standard general contractor overhead and profit ("GCOP") on roof-related line items when calculating the actual cash value ("ACV") of her damages for the loss estimate. (Doc. 69 at 9). Safeco, in its reply, argues that Dow elected to invoke the "replacement cost" benefits under the policy, rather than the ACV

1

Payment, and she undisputedly received the full benefits accorded to her under the policy. (Doc. 71 at 2). For the following reasons, the Court agrees with Safeco and grants summary judgment in its favor.

## I.    Background[1]

In August 2018, a storm damaged Dow's property, including the roof. Dow insured the property with Safeco under Policy No. OM2676703. Dow made a claim under the policy due to the storm damage. Safeco agreed that the damage was covered and agreed to pay Dow's loss amount as provided by the policy. The policy provides, among other things, that in the event of a covered loss, Safeco will pay "the amount actually and necessarily incurred to repair or replace the damaged dwelling." The policy also states that Dow may disregard the replacement cost loss settlement provisions and make a claim for loss or damage on an actual cash value basis. The policy defines actual cash value as "the cost of materials and labor that would be necessary to repair the damage, less reasonable deduction for wear and tear, deterioration and obsolescence."

Dow elected to repair the damage to the property rather than accept the actual cash value. She hired Jon Hooley of Big Sky Contractors ("BSC") to perform the repairs. BSC completed the roof repairs and sent Dow an invoice for

---

[1] The facts provided herein are derived from the parties' submissions (Doc. 62 and 70) and are undisputed unless otherwise noted.

$27,345.88 on May 1, 2019. The invoice solely reflected the cost of the roof repairs and included a 20% surcharge for GCOP totalling $4,557.65. Dow sent the May invoice to Safeco. In September 2019, after all of the storm damage repairs on the house were completed, Safeco paid Dow $103,873.72, including $28,623 for the roof repair. In September and November, BSC issued two new invoices, updating the roof repair cost to $28,581.76 and requesting a supplement of $5,724.80 for roof GCOP.

Dow contends that these invoices were sent based on Safeco's final loss estimate, which apparently formed the basis of the contract for repairs between Dow and BSC. No additional work was done on the roof between the May invoice and the November invoice aside from minor gutter repairs. Dow now asserts that Safeco owes her $5,724 in unpaid roof GCOP, which she would then presumably pay to BSC. BSC has not pursued collection of the unpaid invoice amount. Dow's agreement with BSC only requires her to pay the amount she actually received from Safeco.

## II.     Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient

3

evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Id.*

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

The Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and will apply Montana law. In Montana, "[t]he interpretation of an insurance contract is a question of law." *United Nat'l Inc. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1265 (Mont. 2019). If the contract is clear and explicit, it must be enforced as written. *Id.* Courts analyzing insurance polices must interpret words with their ordinary meaning; any ambiguity must be strictly construed against the insurer and in favor of coverage. *U.S. Fire Ins. Co. v. Greater Missoula Family YMCA*, 454 F. Supp. 3d 978, 981 (D. Mont. 2020) (citing *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474

(Mont. 2005)). "Ambiguity exists, when taken as a whole, an insurance contract is reasonably subject to two different interpretations." *Id.*

## III. Analysis

Summary judgment is appropriate in this instance because the undisputed material facts demonstrate that Dow has not been injured by the breach of contract she alleges and has no damages because she was fully compensated under the terms of the policy. The policy states that Safeco must cover "the amount actually and necessarily incurred to repair or replace the damaged dwelling." (Doc. 70 at 3-4, ¶ 7). Dow admits that Safeco paid the full amount that BSC invoiced her for the roof repairs in May 2019, plus the updated amount for additional gutter repair. (Doc. 70 at 8-9, ¶¶ 14-15). This amount reflected the industry-standard 20% GCOP for the roof repairs.

Dow asserts that Safeco breached the policy by undercalculating total GCOP when calculating her loss estimate. (Doc. 69 at 9-10). She contends that Safeco improperly separated the roof repairs from the other structural losses when calculating the ACV, resulting in a difference of $5,724 in underpaid GCOP. While this may be a technical breach of contract when viewed in the light most favorable to Dow, this argument is rendered purely academic by Dow's choice to accept the "repair and replace" remedy rather than the ACV. Dow did not take the ACV payment at step one of the payout; she elected to have the property repaired

5

and receive payment for the actual and necessary costs of those repairs. Because she did not pursue ACV payment, her allegation that Safeco improperly calculated the total loss estimate is immaterial.

Dow has no damages. She has been paid the full replacement cost of the damage to the property. BSC is not seeking any additional payment from Dow for the allegedly unpaid amount—in fact, it is undisputed that the agreement between Dow and BSC only obligates Dow to pay the amount she received from Safeco for the damages. Accordingly, the Court cannot identify any injury to Dow resulting from her asserted breach. That Dow may have acted differently were the loss estimate calculated differently is immaterial because she elected to receive (and did receive) full payment for the replacement cost.

Dow states that "the fundamental question this case seeks to answer is whether something—and we don't know what, because Safeco has never offered any rationale—allows Safeco to withhold GCOP only on roof-related line items when Safeco otherwise agrees that its own criteria for including GCOP at the ACV stage are satisfied." (Doc. 69 at 20). This may be the question that Dow and the class counsel seek to have answered, but it is axiomatic that one must suffer actual damages to maintain a cause of action. This applies equally to her MUTPA claim—Safeco undisputedly paid out under the policy terms for repair and replacement, so there is no basis for an unfair trade practices claim. Dow has not

identified any damages, and therefore summary judgment on her claims is appropriate.

IV. Conclusion

IT IS ORDERED that Safeco's Motion for Summary Judgment (Doc. 60) is GRANTED. As the Motion pertains solely to Class Representative Dow and not the class as a whole, judgment shall be entered against Dow, and Class Counsel shall identify a new Class Representative within 60 days of this Order. After a suitable Class Representative has been produced, the Court shall calendar a scheduling conference to set the remaining deadlines for this matter.

DATED this 19th day of May, 2023.

SUSAN P. WATTERS
United States District Judge